George M. Fanelli, J.
In this personal injury and property damage action plaintiffs move for summary judgment under the new rule 113 of the Buies of Civil Practice, effective March 1, 1959.
This court has in the past expressed its view concerning the caution with which this new rule should be applied in a negligence action, and that such motions should be granted only in those cases where the papers and proof sufficiently warrant the court as a matter of law in directing judgment. Bearing in mind such caution, it is the opinion of this court that from the papers and proof submitted in this case no triable issue of fact is presented as to defendant’s negligence and plaintiffs’ freedom from contributory negligence and that it is warranted in directing a judgment.
The within accident occurred on June 8,1957 at approximately 3:00 p.m., at which time the weather was clear and the road dry. Plaintiff’s automobile was struck in the rear with considerable force (causing allegedly $1,396.39 in property damage) after having been at a standstill in a line of traffic for about two minutes obeying a red traffic signal. Immediately after the accident defendant was taken to police headquarters and, after submitting to a Drunkometer and other clinical tests by a physician, he was pronounced intoxicated and unfit to drive a motor vehicle. Defendant was thereafter, on the complaint of the investigating police officer McCormick, charged with a violation of subdivision 5 of section 70 of the Vehicle and Traffic Law *515 (operating a motor vehicle while in an intoxicated condition). While defendant contends in his accident report to the Motor Vehicle Commissioner (admittedly prepared by his personal attorney) and in his pretrial examination that just prior to the accident plaintiff stopped short without giving any signal, it is significant to note that in the said investigating police officer’s accident report to the Commissioner of Motor Vehicles the officer states that upon his interrogation of the defendant at Police Headquarters the latter u could not offer an explanation as to the cause of the accident.” More important, however, is the fact that on February 19, 1958 (subsequent to his examination before trial and the filing of his motor vehicle report) defendant through his personal attorney pleaded guilty to the crime of driving while intoxicated in connection with the aforementioned charge, was fined $50 and his operator’s license was revoked by the City Judge of New Rochelle.
In the light of the afore-mentioned and all the other facts and circumstances disclosed by the papers, the conclusion is inescapable that the accident and the resulting injuries were occasioned solely by reason of the impairment of defendant’s mental and physical faculties by reason of his intoxication and not because of any short stop on the part of plaintiff (although in his examination before trial defendant states that plaintiff’s automobile was 10 feet in front of him when he first applied his brakes). Defendant’s conviction of the crime of driving while intoxicated (Vehicle and Traffic Law, § 70, subd. 5), arising out of this accident, is admissible against him and is prima facie evidence of the facts involved (Giessler v. Accurate Brass Co., 271 App. Div. 980).
Accordingly, plaintiffs’ motion is granted and summary judgment is directed upon the question of liability. The cause is set down for an assessment of damages before the court and jury, at Trial Term, Part I, for the October 1959 Term, subject, however, to such calendar disposition as the Justice presiding may determine to be proper and to follow any and all cases heretofore preferred for trial on said day. A conformed copy of the order to be entered hereon shall be served on the Calendar Clerk.